UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUISE P. D.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:24-cv-05316-GJL

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 10, 11.

After considering and reviewing the record, the Court concludes the Administrative Law Judge (ALJ) did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

                **I.**      **PROCEDURAL HISTORY**

Plaintiff's application for Disability Insurance Benefits (DIB) was denied initially and following reconsideration. *See* Administrative Record (AR) 207, 212. Plaintiff's requested

hearing was held before the ALJ on December 6, 2023. AR 185–203. On December 6, 2023, the ALJ issued a written decision finding Plaintiff not disabled. AR 13–26. On February 23, 2024, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1–7. Plaintiff filed a Complaint in this Court on April 29, 2024. Dkt. 6. Defendant filed the sealed AR in this matter on June 28, 2024. Dkt. 8.

## II. BACKGROUND

Plaintiff was born in 1977 and was 43 years old on her alleged date of disability onset, January 24, 2020. *See* AR 16, 204. Her Date Last Insured (DLI) was June 30, 2020. AR 16. The ALJ found Plaintiff not disabled at step two of the sequential evaluation process (*see* 20 C.F.R. § 404.1520b(a)(4)), finding Plaintiff had no medically determinable impairments. *See* AR 18–22.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

The ALJ found Plaintiff not disabled at step two of the sequential evaluation process because she did not produce evidence of one or more Medically Determinable Impairments (MDIs) prior to her DLI. *See* AR 18–22. At step two, the ALJ determines whether a claimant has produced evidence of one or more MDIs and whether those impairments are severe. *See* 20 C.F.R. § 404.1520(a)(4)(ii). If there is no evidence of an MDI, the claimant is found not disabled. *See id.*

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 2

The claimant bears the burden of producing MDI evidence. *See* 20 C.F.R. § 404.1512(a). An MDI "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. It "must be established by objective medical evidence from an acceptable medical source." *Id.* A "statement of symptoms, a diagnosis, or a medical opinion" is insufficient to establish an MDI. *Id.*

The ALJ considered four different potential MDIs: (1) fibromyalgia; (2) an impairment based on an emergency department visit in April 2020 Plaintiff associated with COVID-19; (3) migraine headaches; and (4) certain mental health conditions. *See* AR 19–20. Plaintiff raises arguments challenging only the first and second of these findings. *See* Dkt. 10.

Fibromyalgia is established as an MDI if a claimant presents (1) evidence that a physician diagnosed it and (2) evidence meeting one of two diagnostic criteria. *See* SSR 12-2p § II. One of those criteria requires the claimant to present with at least eleven positive tender points, *id.* § II(A), while the other requires the claimant to show manifestations of at least six fibromyalgia symptoms, signs, or co-occurring conditions. *Id.* at § II(B).

Plaintiff contends the ALJ should have found fibromyalgia to be an MDI because, in April 2020:

> [she] was admitted to the hospital overnight with fevers, myalgias, chest pressure, and cough. (Tr. 420-421). She was noted to have a medical history of asthma, fibromyalgia, chronic pain, and headache. (Tr. 420, 422). She was diagnosed with viral illness and fever, unspecified fever cause. (Tr. 423). Fever and myalgias are two primary symptoms of fibromyalgia, and fevers are one of the constitutional signs of fibromyalgia.

Dkt. 10 at 6. This evidence, however, does not show Plaintiff was diagnosed with fibromyalgia by a physician, which is required to establish fibromyalgia as an MDI under either diagnostic

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

1  criterion. SSR 12-2p § II. At best, it establishes Plaintiff had three symptoms or co-occurring

2  conditions of fibromyalgia when six are required to meet the SSR 12-2p § II(B) criteria.

3      Plaintiff also cites to a therapy session conducted by a licensed mental health counselor

4  noting she was unable to work due to her fibromyalgia (Dkt. 10 at 8, citing AR 458), but this

5  does not establish that a physician diagnosed her with the condition. She cites to some

6  examinations showing "multiple tender points" (Dkt. 10 at 8, citing AR 803, 815) without

7  identifying the specific tender points or how many she had.

8      The ALJ reasonably considered this evidence by noting it showed Plaintiff only had three

9  to four positive tender points. *See* AR 20; AR 803 (showing Plaintiff only had tender points in

10  two areas); AR 815 (simply noting fibromyalgia present); SSR 12-2p § II(A) (listing tender point

11  areas, with two tender points in each); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595,

12  599 (9th Cir. 1999) (citation omitted). ("[W]here the evidence is susceptible to more than one

13  rational interpretation, it is the ALJ's conclusion that must be upheld.").

14      Plaintiff also argues that her records show memory-related impairments and a long-

15  COVID impairment, both arising from her April 2020 emergency department visit (Dkt. 10 at 8,

16  citing AR 478–501), but none of the cited evidence suggests that acceptable medical sources

17  found Plaintiff had such impairments. Only two cited records (AR 492, 500) discuss Long

18  COVID, and those records say only that her impairment should be "assess[ed]." This is not an

19  indication that the impairment was established "by medically acceptable clinical and laboratory

20  diagnostic techniques." 20 C.F.R. § 404.1521.

21      In sum, the ALJ properly concluded that no medical evidence in the record established an

22  MDI. Plaintiff also raises arguments challenging the ALJ's brief discussion of her subjective

23  symptom testimony and lay witness statements. *See* Dkt. 10. This evidence cannot establish an

24

MDI, as neither Plaintiff nor lay witnesses are "acceptable medical sources." 20 C.F.R. §§ 404.1521, 404.1502(a). Any error in this respect would be harmless, as the ALJ's finding that no MDI was present was sufficient to dismiss Plaintiff's application. *See Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (error inconsequential to non-disability determination is harmless); 20 C.F.R. § 404.1520(a)(4)(ii) (adverse step two finding sufficient to support non-disability determination); *see also Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (ALJ need not give "specific, clear, and convincing reasons" for rejecting testimony if no evidence of MDIs reasonably expected to cause alleged symptoms).

## IV.  CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 6th day of November, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5